Peter A. Camiel
Camiel & Chaney, P.S.
Attorneys at Law
2800 First Ave, Suite 309
Seattle, WA 98121
(206)817-0778
petercamiel@yahoo.com

UNITED STATES DISTRICT COURT
ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JUNIOR GAFATASI TULALI,<br><br>Defendant | Case No. 4:23-cr-00003-SLG<br><br>DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO F.R.CR.P. 29 OR ALTERNATIVELY A NEW TRIAL PURSUANT TO F.R.CR.P. 33 |

I. INTRODUCTION AND RELIEF REQUESTED

The defendant respectfully moves this Court for judgment of acquittal pursuant to F.R.Cr.P 29 or alternatively a new trial pursuant to F.R.Cr.P. 33. The defendant first made his motion to dismiss at the end of the government's case in chief on April 18, 2024. Following the jury verdict returned as to phase I of the trial, the defendant then moved to dismiss the sentencing enhancement after the government rested its presentation of evidence and before the jury considered the sentencing enhancement in phase two of the trial. The Court deferred ruling on the motion at the end of the government's case in chief and denied the motion to

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO F.R.CR.P. 29 OR ALTERNATIVELY A NEW TRIAL PURSUANT TO F.R.CR.P. 33 - 1

Case 4:23-cr-00003-SLG-KFR    Document 119    Filed 04/29/24    Page 1 of 7

dismiss as to the sentencing enhancement. The defendant also noted his objection to Court Instruction 17 that failed to include any mens rea element of the "resulted in death" portion of the offense. The defendant now renews his motion to dismiss herein or alternatively requests the court grant him a new trial. The jury returned its verdicts on April 19,2024 and therefore this motion is timely filed.

## STANDARD OF REVIEW

### Rule 29. Motion for a Judgment of Acquittal

**(a) Before Submission to the Jury.** After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.

The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

Rule 29 of the Federal Rules of Criminal Procedure provides that a defendant may move for a judgment of acquittal if the evidence is insufficient to sustain a conviction. The rule provides that "a defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). The evidence is insufficient to sustain a conviction if, after viewing the evidence in the light most favorable to the government, no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO F.R.CR.P.29 OR ALTERNATIVELY A NEW TRIAL PURSUANT TO F.R.CR.P. 33 - 2

Case 4:23-cr-00003-SLG-KFR   Document 119   Filed 04/29/24   Page 2 of 7

Rule 33(a) provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. "The ultimate test on a Rule 33 motion is whether letting a guilty verdict stand would be a manifest injustice. A district court's power to grant a motion for new trial is much broader than its power to grant a motion for judgment of acquittal, *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992); a new trial may be granted when the "interest of justice so requires." Fed. R. Crim. P. 33(a).

**Failure of Proof of "But for" Cause of J.L.'s Death**

The government presented insufficient evidence to connect the defendant to the specific substance consumed by J.L. that caused his death.

First, the medical examiner ordered limited testing of J.L.'s blood and the government failed to have the toxicology laboratory test J.L.'s blood for Acetaminophen despite the fact that DEA chemists found both Acetaminophen and Fentanyl in the pills seized from Mr. Brown's jacket and from the residence he was seen leaving. Because only Fentanyl was found in J.L.'s blood the government has failed to prove the substance consumed by J.L. came from Brown's stash of pills as opposed to some other source. Brown's drugs contained Acetaminophen. There is no evidence that J.L's blood contained Acetaminophen. Moreover, the medical examiner and the toxicologist were not able to opine what form of substance J.L. consumed that contained the lethal dose of Fentanyl. Absent such evidence, the jury

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO F.R.CR.P.29 OR ALTERNATIVELY A NEW TRIAL PURSUANT TO F.R.CR.P. 33 - 3

Case 4:23-cr-00003-SLG-KFR   Document 119   Filed 04/29/24   Page 3 of 7

could only speculate that J.L. consumed pills that Brown claimed to have received from the defendant.

Second, evidence was presented that there were many sources of pain type pills in the Fairbanks area in the fall of 2020. For example, A.L. testified to having about ten sources of pills in Fairbanks. W.C. testified to having a half dozen sources. J.L.'s older brother testified that he had been purchasing pills from W.C. including 30 mg blue pills. In addition, evidence was presented through the note written by C. K. that he was distributing "Moma's pills." No evidence was presented as to the source of those pills which were located separately from the pills seized from Brown. K.W., who resided at the residence and who appears to have been the "mama" referenced in C.K.'s note did not testify, nor did C.K.

"A trial judge has a duty to grant the motion for judgment of acquittal when the evidence, viewed in the light most favorable to the government, is so scant that the jury could only speculate as to defendant's guilt."; *United States v. Brown*, 587 F.2d 187, 190 (5th Cir. 1979) That is the case herein.

**Failure of Proof of Mens Rea that death was intended, or that defendant knew or should have known that death would result from the distribution and ingestion of the pills**

The government presented no evidence whatsoever that the defendant either knew, should have known, or intended the death of J.L. or any user of the pills, or that overdose or death by a user of the pills was reasonably foreseeable. The government presented no evidence that Mr. Tulali knew that the pills at issue contained any Fentanyl.

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
PURSUANT TO F.R.CR.P.29 OR ALTERNATIVELY A NEW
TRIAL PURSUANT TO F.R.CR.P. 33 - 4

Case 4:23-cr-00003-SLG-KFR   Document 119   Filed 04/29/24   Page 4 of 7

Defendant objected to the portion of the Court's Instruction No. 17 that provides that the government does not need to prove that death was a foreseeable result of the defendant's distribution of fentanyl. The objectionable portion of Instruction 17 provided:

> The government does not have the burden of establishing that the defendant intended that death result from the use of fentanyl. Nor does the government have the burden of establishing that the defendant knew, or should have known, that death would result from the distribution or ingestion of the fentanyl.

Acknowledging that *United States v. Houston* says that it does not, the defense believes that *Houston* was both incorrectly decided and has been undermined, as described in the dissents in *United States v. Jeffries,* 958 F.3d 517, 524 (6th Cir. 2020) (Donald, J., dissenting) and in *United States v. Burkholder,* 816 F.3d 607, 621 (10th Cir. 2016) (Briscoe, J., dissenting). The defense incorporates the arguments contained in those dissents here. The defense also objected to the portion of the Court's instruction No. 17 stating that the government does not have to prove that the defendant intended that death would result from his actions. The presumption of mens rea articulated most recently in *Rehaif v. United States,* 139 S. Ct. 2191, 2195 (2019), and *Ruan v. United States,* 142 S. Ct. 2370, 2377 (2022), should extend to this most serious element that raises the stakes of the drug offense significantly. The defense incorporates here the arguments contained in the dissent in *United States v. Collazo,* 984 F.3d 1308, 1337 (9th Cir. 2021) (en banc) (Fletcher, J., dissenting), setting out the reason why facts that raise the statutory maximum

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO F.R.CR.P. 29 OR ALTERNATIVELY A NEW TRIAL PURSUANT TO F.R.CR.P. 33 - 5

Case 4:23-cr-00003-SLG-KFR   Document 119   Filed 04/29/24   Page 5 of 7

or require imposition of a statutory maximum in drug cases should require a mens rea of knowingly or intentionally.

Here, the failure to instruct the jury as to the mens rea required to sustain the "resulting in death" aspect of the charge denied the defendant a fair trial and constitutes the "interests of justice basis" for the grant of a new trial. Subjecting a defendant to either a mandatory life, or mandatory twenty-year sentence without any showing that the defendant knew, should have known, or intended the resulting death is a manifest injustice.

### Failure of Proof of Defendant's Release Within 15 Years

In phase two of the trial, the government presented only two documents in evidence to prove that Mr. Tulali had a prior serious drug felony and that the instant case commenced within 15-years of his release from custody. The two exhibits were Mr. Tulali's judgment, and a form entitled "Sentencing Monitoring Computation Data." The judgment merely confirms that Mr. Tulali was convicted of the drug offense and originally sentenced to serve 292 months. The second form is not a prison custody release form but merely a computer printout that indicates when the "inmate was scheduled for release." It does not show when Mr. Tulali was actually released. It leaves open the possibility of an early release from prison. "Scheduled for release" and "actually released" are not the same.

The indictment alleged "his release from such term of imprisonment was withing 15 years of the commencement of the instant offense" and the court instructed the jury as to the third element of the enhancement:

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO F.R.CR.P. 29 OR ALTERNATIVELY A NEW TRIAL PURSUANT TO F.R.CR.P. 33 - 6

Case 4:23-cr-00003-SLG-KFR   Document 119   Filed 04/29/24   Page 6 of 7

Third, that the defendant was released from the term of imprisonment imposed for that conviction within 15 years of the commencement of the offense charged in Count 1."

## Conclusion

For the foregoing reasons the Court should either enter a judgment or acquittal or grant defendant a new trial.

Dated this 29th day of April, 2024.

Respectfully submitted,

s/*Peter A. Camiel*
PETER CAMIEL, WSBA
No. 12596
Attorney for Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON THE 29th DAY OF APRIL, 2024 I FILED THE FOREGOING WITH THE CLERK OF THE COURT USING THE ECF SYSTEM AND FURTHER THAT A COPY OF THE FOREGOING WAS SERVED UPON ALL ATTORNEYS OF RECORD IN THIS CASE.

/S/Peter A. Camiel

DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO F.R.CR.P. 29 OR ALTERNATIVELY A NEW TRIAL PURSUANT TO F.R.CR.P. 33 - 7

Case 4:23-cr-00003-SLG-KFR    Document 119    Filed 04/29/24    Page 7 of 7