UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,
Plaintiff,
vs.
JUNIOR GUFATSI TULALI,
Defendant.

Case No. 4:23-cr-0003-SLG

TRANSCRIPT OF ARRAIGNMENT ON INDICTMENT/ DETENTION HEARING

**BEFORE THE HONORABLE SCOTT A. ORAVEC, MAGISTRATE JUDGE**

Wednesday - June 21, 2023
2:04 p.m. - 2:18 p.m.
Anchorage, Alaska

**FOR THE GOVERNMENT:**
Office of the United States Attorney
BY: ALANA B. WEBER
222 West 7th Avenue, RM 253, #9
Anchorage, Alaska 99513
907-271-2344

**FOR THE DEFENDANT:**
Camiel & Chaney, P.S.
BY: PETER CAMIEL
2800 First Avenue, Suite 309
Seattle, Washington 98121
206-817-0778

Clerk in Attendance: Irma Hernandez
Probation Officer: Kyle Mansfield

**STACY M. BALDWIN**
**Realtime Certified Reporter**
**Federal Official Court Reporter**
222 West 7th Avenue, #4
Anchorage, Alaska 99513
Transcript Produced from the Digital Recording

(Call to Order of the Court at 2:04 p.m.)

DEPUTY CLERK: All rise. His Honor, the Court, the United States District Court for the District of Alaska is now in session. The Honorable Scott A. Oravec presiding. Please be seated.

Your Honor, we're on record in Case No. 4:23-cr-0003-SLG, *United States of America versus Junior Gufatsi Tulali.*

Counsel, please identify yourself for the record.

MS. WEBER: Good afternoon. Alana Weber on behalf of the United States.

THE COURT: Good afternoon.

MR. CAMIEL: Good afternoon, Your Honor. Peter Camiel representing Mr. Tulali, who's seated to my left.

THE COURT: Good afternoon. Thank you.

And, Mr. Tulali, is that the correct way to pronounce your last name?

THE DEFENDANT: That is correct.

THE COURT: All right. Good afternoon, sir.

THE DEFENDANT: Good afternoon.

THE COURT: All right. This is the time we have for an arraignment. And, sir, you should have in front of you, I think you have a copy of the indictment. That's the charging document in the case. Your name is

listed on the left-hand side there. Is your name spelled correctly on that document?

THE DEFENDANT: Yes.

THE COURT: All right. Thank you.

This is an initial proceeding. We're going to talk about some of the rights that you have, talk about some future dates, Counsel.

So, first, you do have the right to remain silent. You are not required to make a statement. If you have made a statement, you need say no more. If you decide to make a statement you may stop at any time. Please understand this proceeding is recorded and any statements made could be used against you later in trial.

Now you also have the right to be represented by an attorney. And if you wish, you have the right to consult with your attorney before entering a plea. If you can't afford an attorney, you may be entitled to have the court pay some or all of the attorneys' cost. In order to do that I would need to get some of your financial information.

I see that I have a one-page financial affidavit from you. It looks like -- it looks like you signed this document; is that correct?

THE DEFENDANT: That is correct.

THE COURT: All right. Thank you. I'm going to go ahead and take a look at that now.

All right. Thank you. Looking at the financial affidavit, I do see that you do have employment and that you are receiving monthly income, but you do have liabilities listed here, monthly expenses. And so the Court is going to find you eligible for the assistance of court-appointed counsel. I am required to resolve any doubt in your favor, and so I will do that.

And, Mr. Camiel, are you available to accept this appointment?

MR. CAMIEL: I am, Your Honor.

THE COURT: Okay. Very well. And, Mr. Camiel, are you requesting nunc pro tunc appointment at all or --

MR. CAMIEL: Yes.

THE COURT: Go ahead. And when would that be to?

MR. CAMIEL: Your Honor, I will have to advise the Court that I was appointed right after Mr. Tulali was indicted. I believe on the day after he was indicted. He was indicted January 19th of this year. I believe I was appointed the next day.

THE COURT: Okay. And so January 20th?

MR. CAMIEL: Yes.

THE COURT: Okay. All right. I will make your appointment nunc pro tunc to January 20th, 2023. And if you need to change that, just let the Court know. Okay?

MR. CAMIEL: Thank you.

THE COURT: All right. Thank you.

And I am finding you eligible for the assistance of court-appointed counsel, and I will appoint Mr. Camiel -- he's one of our highly qualified CJA counsel -- to assist you.

I do need to let you know, if any of the information on that form should change, you do have a duty to let the Court know that. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: All right. Thank you.

So now what I'm going to do is turn back to the charging document, and there is Count 1 listed. Then there are aggravated circumstances listed and an enhanced statutory penalty. I'm going to go over that now.

Between on or about October 13, 2020, and October 17, 2020, within the District of Alaska and elsewhere, you did knowingly and intentionally distribute a controlled substance, and that was the

chemical name for fentanyl, and the following death resulted -- there was a death that resulted from that -- distribution.

And that is that between on or about October 13th and October 17th of 2020, that you knowingly and intentionally distributed the above-listed fentanyl to another person. That was on or about October 28th, 2020. The use of the above-listed fentanyl resulted in the overdose death of a person named -- by the initials J.L., violating 21 United States Code Section 841(a)(1), (b)(1)(C).

There's an enhanced statutory penalty allegation that states before you committed the offense charged in Count 1, that you had a final conviction for a serious drug felony, and that was possession with intent to distribute cocaine base, violating 21 United States Code 841(a)(1), for which you served a term of imprisonment of 12 -- of more than 12 months and for which your release from such imprisonment was within 15 years of the commencement of the offenses charged in Count 1. And that's pursuant to 21 United States Code (b)(1)(A).

Now what I'm going to do is ask the prosecutor if you could please state the maximum penalty and the mandatory minimums for that count.

MS. WEBER: Your Honor, the minimum and maximum is life imprisonment, with a $2 million fine, as well as a $100 special assessment.

THE COURT: Okay. Thank you.

And, Mr. Camiel, are you prepared to enter a plea today?

MR. CAMIEL: Yes, Your Honor. Not guilty.

THE COURT: All right. Thank you. All right. So entered.

Mr. Tulali, counsel just entered a plea of not guilty for you to this allegation. So what I'm going to do is talk about some future dates right now.

Now this is a Fairbanks case that will go before -- it will be assigned to Judge Beistline.

And, Counsel, as this is being assigned to Judge Beistline, I was going to order automatic Rule 16 discovery within 14 days from today.

Government, do you see any difficulty providing that within 14 days from today?

MS. WEBER: No, Your Honor.

THE COURT: Okay. I was not going to set -- I know some of the district judges have been having their magistrate judges set discovery conferences. I was not anticipating doing that, unless you have a specific need for one.

Counsel, do you see that one is needed here?

MS. WEBER: I believe it's fairly straightforward.

THE COURT: Okay.

MS. WEBER: However, if counsel does want to meet, I'm more than happy to discuss --

THE COURT: Well, there are certain requirements that you meet and confer amongst yourself. But this is actually where you come back into the court. I know that some of the magistrate judges are conducting a new discovery conference on the record with the parties. Again, I'm not going to do that here. I'll just set discovery due 14 days from today.

Certainly, Counsel, if you have disagreement on discovery, please follow our pretrial orders and you can file notice to the Court. That way we can get involved earlier rather than later. I appreciate that.

And then, the next issue is I do have the standard final pretrial conference and trial scheduling dates, but I also have a date before Judge Beistline for a trial scheduling conference.

Now I do have a -- it looks like here, I do have a written Speedy Trial Act waiver. And it looks like -- Mr. Tulali, did you have an opportunity to sign that document?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right. And did you have an opportunity to go over this document with your attorney?

THE DEFENDANT: Yes.

THE COURT: And did he answer any questions you had?

THE DEFENDANT: Yes.

THE COURT: Okay. So, just very briefly, you do understand that the Speedy Trial Act does apply to this case, but you can agree to certain exclusions from that -- from the 70-day trial period. And those might be in order to allow your attorney a reasonable period of time necessary for effective preparation and representation, including reviewing discovery and evidence in the case, conducting independent investigation, researching potential pretrial motions, validity options for potentially pretrial resolutions, such as plea bargain and/or preparing for trial, if there is no plea bargain and this matter does go to trial.

No -- it states that you are agreeing to exclude time from this date up to the trial setting conference; is that correct?

THE DEFENDANT: That's correct.

THE COURT: Okay. Very well.

So I will state that based on the information I have here, it does appear that the defense is requesting a continuance of the proceedings from today to the trial scheduling conference with the district judge, and that is currently set for August 11th, 2023. Again, August 11th at 10:00 a.m. That's before Judge Beistline. Again, August 11th at 10:00 a.m.

And it does appear that the defendant is willing to waive time under Speedy Trial Act between now and that August 11th date.

I am finding that failure to grant such a continuance would result in a miscarriage of justice. It does appear that deal -- if I were to deny that continuance, it would deny counsel for the defendant the reasonable time necessary for effective preparation, considering the exercise of due diligence. And I am therefore finding that the ends of justice are served by granting a continuance to the date of the trial scheduling conference and they outweigh the best interest of the public and the defendant in a speedy trial.

As the next date in this case before Judge Beistline is on the 11th, the motions deadline in this case is August 18th. And, of course, if you have any request for continuances of that or extensions of

time, you can ask Judge Beistline for that and he can take that up at that time.

Counsel, any further requests then on any items, additional dates, deadlines? Government?

MS. WEBER: None from the government.

THE COURT: Mr. Camiel?

MR. CAMIEL: No.

THE COURT: All right. Thank you.

And lastly, I will state under Criminal Rule 5F the government is ordered to comply with its disclosure obligations under *Brady v. Maryland* and related cases. Failure to do so may result in sanctions. A written order will follow.

DEPUTY CLERK: Your Honor, can we go over the enhanced statutory? (Indiscernible.)

THE COURT: Yes. In terms of -- I did read it over, yes. He was advised of it, yes.

DEPUTY CLERK: Okay.

THE COURT: Thank you.

All right. Regarding release or detention before trial, this Court is responsible to act to ensure that you will make future court appearances and determine whether or not you present a danger to the community or any particular person. Now to help me in my determination, I will be considering the information

in the pretrial services report.

Mr. Camiel, have you been provided this information?

MR. CAMIEL: Your Honor, I have. And I should indicate to the Court, that after talking to Mr. Tulali and reviewing the report, we're not going to challenge detention.

THE COURT: Okay. Thank you.

All right. Thank you. I will advise, sir, that the Bail Reform Act of 1984 creates a rebuttable presumption in certain cases that no conditions of release would reasonably assure the defendant's appearance and the safety of the community. And that is where a judicial officer finds probable cause to believe that a defendant committed an offense, for which maximum term of imprisonment of ten or more years is prescribed by the Controlled Substances Act.

Counsel, I do believe that this presumption, as to detention, this is a rebuttable presumption. The defense can present evidence to rebut that presumption, in which case the Court would just evaluate that under the normal 18 U.S.C. 3142 factors. You are entitled to a detention hearing where you can present evidence. And I do find that the presumption applies here.

The government, I assume you're requesting

detention, and do you believe that the presumption applies?

MS. WEBER: Yes, Your Honor.

THE COURT: Okay.

And, Mr. Camiel, I understand the defense's position today. We can either -- if you'd like, I can set a detention hearing at a later time. Or what I can do is, if you file a request for a bail review hearing at a later date, the Court would have a hearing to evaluate that proposal.

MR. CAMIEL: Your Honor, I would prefer the latter. If we develop new information we would ask the Court to at that time set a detention hearing.

THE COURT: Okay. Thank you.

Okay. Thank you. I am -- I have looked at the information in the pretrial services report. I will state that I noticed the very serious nature of the offense here. I did know that the -- also looked at the history and characteristics of the defendant, know that Mr. Tulali has been employed steadily. It looks like by All Day Sales for several years. But I also find that there are several felony convictions of a -- looks like one in 1995 and then one in 2007. And it is very possible -- it seems likely here that Mr. Tulali was actually on supervised release when he was -- when he

allegedly committed this offense in this case.

Regardless, I'm finding that there's a high risk of danger certainly of Mr. Tulali's release, given the information here and the prior offenses. With that said though, the Court is -- certainly, if there is a request for a bail review hearing, the Court would have a hearing to evaluate that request.

I am therefore finding that there is probable cause to believe that Mr. Tulali committed an offense for which a maximum term of imprisonment of ten or more years is prescribed by the Controlled Substances Act, and that is due to the indictment here. And since there's no evidence presented at this time to rebut the presumption, I am ordering the defendant committed to the custody of the United States Marshals Office pending further proceedings.

Counsel, I think that is all. Is there anything further to take up? Government?

MS. WEBER: Nothing further from the government, Your Honor.

THE COURT: Okay.

Mr. Camiel?

MR. CAMIEL: No, Your Honor.

THE COURT: And I will just ask -- sorry, Madam Clerk. Counsel, do you agree also that I did advise

Mr. Tulali of the enhanced statutory penalty allegation? I do recall reading that term.

MS. WEBER: Yes.

THE COURT: Okay. Very well. Thank you. And then I'll be ready to proceed with later hearings as necessary. Thank you.

DEPUTY CLERK: All rise. This matter is adjourned. This Court now stands in recess until 2:30 p.m.

(Whereupon, the Court adjourned at 2:18 p.m.)

--oo0oo--

CERTIFICATE

I, Stacy M. Baldwin, Federal Official Court Reporter in and for the United States District Court of the District of Alaska, do hereby certify that the foregoing transcript is a true and accurate transcript from the digital recording in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated December 19, 2024.

/s/ Stacy M. Baldwin
STACY M. BALDWIN, RCR, RMR
FEDERAL OFFICIAL COURT REPORTER